UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Andrew and Olga Venditti, <br><br> Plaintiffs, <br> v. <br><br> Budzik & Dynia, LLC; and DOES 1-10, inclusive, <br><br> Defendants. | Civil Action No.: _____ <br><br> COMPLAINT <br><br> March 10, 2011 |

For this Complaint, the Plaintiffs, Andrew and Olga Venditti, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiffs, Andrew and Olga Venditti ("Plaintiffs"), are adult individuals residing in Seymour, Connecticut, and are "consumers" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Budzik & Dynia, LLC ("Budzik"), is a Illinois business entity with an address of 4345 N. Milwaukee Ave., Chicago, IL 60641, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Budzik and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Budzik at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. The Debt

8. Olga Venditti incurred a financial obligation in the approximate amount of $3,600 (the "Debt") to GE Capital (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Budzik for collection, or Budzik was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

## B. Budzik Engages in Harassment and Abusive Tactics

12. Budzik sent a letter (the "Letter") to Olga Venditti on February 10, 2011, demanding payment of the Debt.

13. The Letter states, "Please note that as your account has been placed with us to seek a voluntary resolution, no attorney with this firm has personally reviewed the particular circumstances of your account at this time. However, if you fail to contact this office and such a voluntary resolution is not reached, our client will remove this account from our office and may consider additional remedies to recovery the outstanding the debt."

14. Budzik placed a call to the Plaintiffs' residential telephone which included an automated messaged requesting that someone return the call.

15. Andrew Venditti placed a call to Budzik per their request.

16. A Budzik employee named, "Denise Lewis" repeatedly informed Mr. Venditti that there is a "pending legal matter" against Plaintiffs and that the status of the Debt is "pre-legal."

17. When Mr. Venditti requested what Budzik meant by "pre-legal," Budzik stated that, "it's [the Debt] being reviewed by our attorneys"

18. This statement contradicts the Letter, which states "No attorney with this firm has personally reviewed the particular circumstances of your account at this time."

19. Mr. Venditti asked if Budzik could verify that the Debt.

20. Budzik told Mr. Venditti that verifying the Debt "could take up to sixty (60) days" and that Budzik only had the ability to work with Mr. Venditti that day.

3

21. Budzik further dissuaded Plaintiffs from requesting verification of the Debt by telling Mr. Venditti that if he did not making payment arrangement with Budzik that day and instead decided to request verification of the Debt, then Plaintiffs would be liable for a higher balance.

C. Plaintiffs Suffered Actual Damages

22. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

23. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

24. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

25. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

28. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that

4

Defendants employed false and deceptive means to collect a debt.

29. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. The Plaintiffs are entitled to damages as a result of Defendants' violations.

## COUNT II

### VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, et seq.

31. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

33. The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

34. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

## COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

36. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiffs was so outrageous in character, and so extreme in degree, as to

go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

37. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Connecticut.

38. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## COUNT IV

## COMMON LAW FRAUD

39. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of Connecticut.

41. The Plaintiffs have suffered and continue to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;
5. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs;
6. Punitive damages; and
7. Such other and further relief as may be just and proper.

TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 10, 2011

Respectfully submitted,

By _____
Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905

7

Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorney for Plaintiffs